Bernard S. Meyer, J.
This motion to vacate the dismissal before trial of this action is denied. To grant the motion would leave the calendar rules without substance or meaning.
The action was pre-tried on April 28,1966 at which time October 3, 1966 was fixed as a day certain for trial. On call of the calendar on October 3,1966, it was reported by one of the parties to the third-party action that an order to show cause returnable October 5, 1966 was pending and the matter was held in Part I pending disposition of that motion. The motion was denied on October 6. On the October 10, 1966 calendar the action was number 13. An affidavit was" submitted by attorney Segan, a member of the firm of attorneys representing plaintiff, that he was actually engaged in the trial of Martinez v. Ileana which would continue for one week, that he was then scheduled to try Rodriguez v. Di Pasqua -on October 17, 1966, in Part XVI Supreme Court, New York, and was then scheduled to try two cases in Kings County Supreme Court entitled Mattiello v. Riggas and Brunson v. Federal Paperboard. The ruling was that since plaintiff’s attorney had in April accepted October 3, 1966 as a day certain, only the Martines engagement but none of the others would be recognized. On the calendar of October 17, 1966, the instant action appeared as number 9. The same attorney again submitted an affidavit, sworn to the 14th day of October and stating that he was actually engaged in Supreme Court, Bronx County, before Mr. Justice Flynn in Figueroa, v. City of New York and requesting an adjournment. *1077 Since the Figueroa case was an engagement accepted by the attorney after he completed the Martines case, and the instant action had been held subject to the Martinez case only, defendants’ motion to dismiss was granted.
Subdivision (b) of rule 2 of the Nassau County Supreme Court Rules requires that “ The first fifteen cases on both the trial term and the special term ready day calendars must be answered each day by the trial counsel or the attorneys of record in person.” Though the instant action appeared as number 13 on October 10 and number 9 on October 17, plaintiff’s attorneys did not appear, but elected to submit an affidavit through Court Service. The court could have refused to consider either affidavit. Instead, it considered the affidavit submitted on October 10 and made the oral ruling that the case would be held subject to Martinez only. Since plaintiff’s attorneys elected to use Court Service, they were bound by the ruling made in the presence of the Court Service representative. They, therefore, were obligated to report to this court when the Martinez case was concluded and not to accept other engagements before doing so. Had they done so, it is possible that arrangements could have been made between this court and the Calendar Judge in Supreme Court, Bronx County, or that the firm of attorneys representing plaintiff could have assigned another partner or associate to try the case, or have obtained outside counsel to try the case for them. They cannot, by ignoring their obligations under the rules and rulings of this court, avoid those obligations. Calendar management would become wholly impossible (see Toomey v. Farley, 2 N Y 2d 71, 81) if counsel were permitted to do so with impunity, especially when the time for trial was agreed upon some five months in advance.
(On reargument.)
This motion to reargue the denial of plaintiff’s motion to vacate the dismissal of his action is granted and on consideration of the additional affidavit the original decision is adhered to. The calendar in Nassau having been answered subject to the Martinez case, the instant case was held subject to the completion of that case and nothing else. Unless that principle is established as binding upon counsel and the Calendar Judges in other counties alike, chaos must result. Counsel had a legal excuse for refusing to pick a jury in the Figueroa case as directed by Mr. Justice Flynu and should have refused. It may be hard on the attorney involved to be put in the position of having to choose which Calendar Judge’s direction to follow, but hard cases make bad law. Until an *1078 appellate ruling or an Administrative Board regulation clarifies the conflict, if conflict there is, in authority of Calendar Judges, situations such as this will continue to arise. On appeal, the Appellate Division may see fit to confirm the principle applied by .the court in this case, but in the exercise of its discretion to vacate the dismissal nonetheless. It may also hold that this court was in error in its conclusion that, being held subject to the Martines case, counsel had a legal excuse for refusing to pick the Figueroa jury. Until it does, however, this court will adhere to thé principle it applied.